PROVENCHER & FLATT LLP
Douglas B. Provencher SBN 77823
823 Sonoma Avenue
Santa Rosa, CA 95404-4714
Telephone: (707) 284-2380
Facsimile: (707) 284-2387

Proposed Attorneys for Debtor in Possession
Esterlina Vineyards & Winery, LLC

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA (Santa Rosa)

In re

ESTERLINA VINEYARDS & WINERY, LLC,

Debtor,

Case No. 15-10841-TEC

Chapter 11

**MOTION FOR INTERIM ORDER (A) APPROVING USE OF CASH COLLATERAL PENDING FINAL HEARING OR STIPULATION FOR USE OF CASH COLLATERAL; (B) GRANTING ADEQUATE PROTECTION TO SECURED LENDER PURSUANT TO 11 USC §§ 361, 362 AND 362 ; (C) AUTHORIZING DEBTOR TO MAINTAIN PRE-PETITION BANK ACCOUNTS BY CONVERTING THEM TO DEBTOR IN POSSESSION ACCOUNTS; DECLARATION OF CRAIG STERLING**

**INITIAL HEARING**

DATE: SEPTEMBER 4, 2015
TIME: 9:;30 AM
LOCATION: COURTROOM 23
235 PINE STREET
SAN FRANCISCO, CA

The debtor in possession, Esterlina Vineyards & Winery, LLC, filed this Chapter 11 petition on August 12, 2015. This filing was done on an emergency basis to stop a

foreclosure set for trustee sale on August 13, 2015. The debtor is a multi-million dollar wine business.

The debtor owns and operates a winery. The winery grows its own grapes, processes grapes, bottles and sells wine. The primary secured creditor is Bank of the West. Bank of the West asserts a security interest in the debtor's real property and the debtor's personal property, including its wine inventory.

## Cash Collateral

The debtor requests, pending either a stipulation with the Bank of the West or an order of this court authorizing the use of Cash Collateral, the court authorize the payment of certain "emergency" expenses by the debtor. The items that need to be paid this week are:

| | |
|---|---|
| PG&E | $5,597.43 |
| Worker's Compensation | $2,611.10 |
| Property and Casualty Insurance | $4,616.03 |
| Dental Insurance | $ 558.81 |
| Propane for forklifts | $ 276.42 |
| Diesel for tractors and trucks | $ 200.00 |
| Printer cartridges | $ 275.00 |
| TOTAL | $14,134.79 |

The Bank of the West did agree to the payment of certain wages, not including any payments to insider-employees.

The debtor and the Bank of the West are discussing the use of cash collateral and there may be an agreement in place by the time this matter is heard. But, if not, the debtor needs to make these payments this week or risk the cessation of its business or facing operations without insurance.

The Bank of the West holds the following obligations:

1. Credit Agreement dated July 17, 2006 secured by a deed of trust recorded on August 2, 2006 against the debtor's real property in Sonoma County, California. The balance due is approximately $3.5 million.

2. Credit Agreement from September 2009 secured by the debtor's personal property. The balance due is approximately $1.8 million.

3. Vineyard loan secured by Eric Sterling's real property in Mendocino County. Both Esterlina and Eric Sterling are obligors. This obligation is not secured by the debtor's property.

As adequate protection for the Bank of the West, the debtor offers adequate protection to the Bank of the West, pending further order of this court,

1. To the extent of its interest in cash collateral, a continuing first priority lien on inventory and accounts receivable acquired by the debtor post-petition;

2. Preservation of the going concern value of the inventory by maintaining the debtor's business as a going concern.

The Debtor agrees to the extent the Debtor uses cash collateral, that the Bank of the West shall receive a replacement lien as provided in a Stipulation or as otherwise ordered by the Court.

The debtor understands the legal prohibition against its use of cash collateral without either the Bank of the West's consent or an order of this court. [11 USC §363(c)(2)]

The court may authorize the use of cash collateral only if the debtor provides 'adequate protection" of the secured creditors' interest in the cash collateral. [11USC§363(e)]

The Bank of the West's interest in the debtor's cash collateral is dependent on the Bank of the West's claim and the value of the collateral.

The debtor believes the Bank of the West is 'over secured" by the debtor's personal property so the Bank of the West's interest in the cash collateral is an amount equal to the Bank of the West's claim, i.e. approximately $1.8 million.

The debtor believes its most valuable personal property asset is its wine inventory. It is important to maintain the value of the wine inventory by preserving the debtor's going concern value. To do so, the debtor needs consent or a court order to use cash collateral to pay necessary operating expenses.

The legal basis for the relief sought is 11 USC §§ 105, 361 and 363 and Federal Rule of Bankruptcy Procedure 4001 and 9014 and any other applicable sections or rules.

## PRE-PETITION BANK ACCOUNTS

The debtor maintained an account a Bank of the West and Umpqua Bank. The Bank of the West account receives any American Express payments payable to the debtor. The Umpqua Bank account receives any Visa or MasterCard payments payable to the debtor.

The debtor requests an order permitting it to maintain at least one of these accounts provided the account is converted to a Debtor in Possession account. This will alleviate many of the technical difficulties in setting up a new account for the credit card charges.

One of the debtor's revenue streams are receipts from wine club charges and tasting room sales of wine, many by credit card.

Dated: September 1, 2015         Provencher & Flatt LLP

                                 By:    s/Douglas B. Provencher
                                        Douglas B. Provencher (77823)

# Declaration of Craig Sterling

I, Craig Sterling, declare:

1. I am the Vice-President of Operations of the debtor.

2. The debtor in possession, Esterlina Vineyards & Winery, LLC, filed this Chapter 11 petition on August 12, 2015. This filing was done on an emergency basis to stop a foreclosure set for trustee sale on August 13, 2015. The debtor is a multi-million dollar wine business.

3. The debtor has three separate obligations to Bank of the West. They are:

   A. Credit Agreement dated July 17, 2006 secured by a deed of trust recorded on August 2, 2006 against the debtor's real property in Sonoma County, California. The balance due is approximately $3.5 million.

   B. Credit Agreement from September 2009 secured by the debtor's personal property. The balance due is approximately $1.8 million.

   C. Vineyard loan secured by Eric Sterling's real property in Mendocino County. Both Esterlina and Eric Sterling are obligors. This obligation is not secured by the debtor's property. The obligation is approximately $1.9 million.

4. Esterlina has over 3500 cases of high quality inventory that it can and will sell. Certainly, it will sell between $750,000-$1,000, 000 worth of inventory between September 1, 2015 and December 1, 2015. In addition, it has over 42000 gallons of bulk wine in its inventory, and will add to that total with the grapes it will harvest this year. Esterlina also has valuable tractors, trucks, forklifts and wine making equipment.

5. The funds the debtor has on hand are probably cash collateral of the Bank of the West. The debtor is seeking consent of the Bank of the West for the payments requested in this motion and other payments. All the payments Esterlina will make are in furtherance of and are crucial to the business.

6. The debtor is entering a critical time-period in its operations as it intends to begin its yearly harvest and crush on Monday August 31, 2015. Furthermore, September through December is the period the winery typically generates the most revenue and profit for the sale of its wine through its wine club and tasting room.

I make this declaration under penalty of perjury and I signed this declaration on September 1, 2015 at Santa Rosa, California.

_____/s/_____
Craig Sterling

PROVENCHER & FLATT LLP
823 SONOMA AVENUE
SANTA ROSA, CA 95404
(707) 284-2380

*In re Esterlina Vineyards & Winery, LLC*
15-108451-TC

Case: 15-10841   Doc# 16   Filed: 09/01/15   Entered: 09/01/15 16:33:08   Page 6 of 7

I make this declaration under penalty of perjury and I signed this declaration on September 1, 2015 at Santa Rosa, California.

_____
Craig Sterling

PROVENCHER & FLATT LLP
823 SONOMA AVENUE
SANTA ROSA, CA 95404
(707) 284-2380