UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ESTERLINA VINYARDS & WINERY, LLC,    No. 15-10841

                Debtor(s).
_____/

Memorandum on Trustee's Motion to Approve Compromise
_____

      Debtor Esterlina Vineyards & Winery, LLC, commenced this case as a Chapter 11 case on August 12, 2015, one day before the scheduled trustee's sale of its winery and vineyard pursuant to nonjudicial foreclosure proceedings initiated by Esterlina's principal creditor, Bank of the West. The case proceeded in Chapter 11 for about 11 months, during which no plan was confirmed but Esterlina, with the urging of the bankruptcy court, liquidated most of its assets. The Bank still has large unsatisfied claims.

      On June 24, 2016, the court converted the case to Chapter 7 and Linda Green was appointed Chapter 7 trustee. She has moved the court to sell the remaining assets of the estate of any kind to Bank of the West for $25,000.00. The sale is in essence a compromise of lender liability claims Esterlina asserted against the Bank while the case was in Chapter 11. The only objection is by Craig and Eric Sterling, Esterlina's principals.[1]

---

[1] The case was assigned to the undersigned on September 29, 2016, due to the impending end of the Honorable Thomas E. Carlson's term of recall. The undersigned has reviewed the entire record of this case in detail, has consulted with Judge Carlson, and is prepared to rule on the motion.

The Sterlings correctly argue that the proceeds of the Trustee's compromise won't go very far, not even covering the estate's estimated administrative expenses. Instead, they propose to purchase the estate's claim against the Bank for $25,000.00 now, plus 25% of their actual recovery from the Bank but no less than an additional $25,000.00. They argue that their offer is superior to that of the Bank. The court does not agree.

The Sterlings' offer is most likely to result in only increased administrative expenses, not any sort of recovery for creditors. Lender liability claims are difficult to successfully prosecute and the court sees nothing in this case which would make such claims unusually strong. It would also be highly unusual for such claims not to have been waived by now, as waivers are invariably contained in agreements to extend, refinance or forebear which have usually been made long before a bankruptcy filing on the eve of foreclosure. Tellingly, the attorney handling the litigation in state court declined Green's request to represent the estate on a contingency basis. The most likely result of accepting the Sterlings' offer is that the Sterlings litigate against the Bank in state court for a time before all their arguments are rejected; the bankruptcy estate becomes subject to even more administrative expenses, and the second $25,000.00 becomes uncollectible either because the Sterlings have become insolvent or because the estate has no means to engage in collection litigation.

The court does not believe that Green is looking for a quick and easy settlement at the expense of the creditors of the estate; she and her counsel are known for aggressively pursuing meritorious claims on behalf of bankruptcy estates. The court agrees with their analysis in this case that the bankruptcy estate has no claims against the Bank which warrant rejection of the Bank's nominal settlement offer, and that the Sterlings' offer is in fact of lesser benefit to the estate.

For the foregoing reasons, the Sterlings' objection will be overruled and the Trustee's motion will be granted. Counsel for Green shall submit an appropriate form of order.[2]

---

[2] Part of the compromise is somewhat ambiguously worded. The order shall make it clear that only the bankruptcy estate's rights, and not those belonging to the Sterlings, are being transferred to the Bank.

2

Dated: November 28, 2016

_____
Alan Jaroslovsky
U.S. Bankruptcy Judge